**Anna M. PFAFF et al., Appellants,**

v.

**Peggy A. BURGESS et al., Appellees.**

**No. 14912.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 21, 1959.

Decided Jan. 7, 1960.

Mr. David S. Allshouse, Washington, D. C., for appellants. Mr. Warren E. Miller, Washington, D. C., also entered an appearance for appellants.

Mr. William H. Collins, Washington, D. C., for appellees.

Before PRETTYMAN, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Plaintiffs (appellants) filed suit, asking for mandatory injunction directing defendants (appellees) to remove and enclose certain windows inserted in a party wall [1] existing between the properties of the parties. The facts are undisputed and may be briefly summarized.

Plaintiffs own premises 2505 Burns Street, S. E., in the District of Columbia,

[1]. An interesting case on the subject of party walls in the District of Columbia is Fowler v. Koehler, 1915, 43 App.D.C. 349, which sets forth the history of such walls in the District of Columbia, the extent to which that doctrine applies, and the respective rights and obligations of the adjoining property owners.

and have been such owners since some time prior to November 1935. Defendants are the owners of 2406 L'Enfant Square, S. E., having acquired that property in August 1953. The west side of the property of plaintiffs joins the east side of the property of defendants. On November 16, 1935, defendants' predecessors in title were given permission by plaintiffs to put two windows in the party wall existing between the two premises. This permission is evidenced by an agreement filed with the Office of the Building Inspector for the District of Columbia and is of record there. The permission is absolute and reads as follows:

Nov. 16, 1935

"To Whom it may concern:

"We the undersigned hereby agree to allow Mr. & Mrs. Harry Singer to install two windows on the east side of their property located at 2406 L'Enfant Sq. S.E.

"/s/ Philipp Pfaff
"/s/ Mrs. Anna M. Pfaff
"Owners of the lot No. 2 6610 NT"

On the same day, defendants' predecessors in title agreed in writing that whenever plaintiffs wanted the windows enclosed they would allow this to be done. This permission was contained in a separate paper which is not of record in either the Office of the Building Inspector or elsewhere. It reads:

"Washington, D. C.
Nov. 16, 1935

"To Whom it may concern:—

"We the undersigned hereby agree that whenever Mr. & Mrs. A. M. Pfaff and Mr. Philipp Pfaff want us to close windows installed by their permission we will allow them to be closed.

"/s/ Rose Singer"

The windows referred to were installed in the party wall by defendants' predecessors in title and still are partly in the portion of that wall on plaintiffs' premises.

As stated, defendants purchased their property in 1953 and it is undisputed that they had no notice, actual or constructive, of the agreement that the windows would be removed on request, nor any actual or constructive notice that the windows were not properly in the house. Shortly after defendants had acquired title to the property, plaintiffs demanded that the windows be removed and, upon refusal of this demand, this suit was instituted.[2]

The lot owned by plaintiffs is large enough to permit construction of a detached building, although it might also be used for the erection of a building making use of the party wall. However, no application has been made for a building permit to construct either type of building and, so far as appears, no construction is contemplated at the present time.

The District Court, while holding that the action of plaintiffs was not barred by the statute of limitations, held that it would be inequitable under the circumstances, and in view of defendants' lack of knowledge of their obligation to remove the windows, to force defendants to remove the windows from the wall or to permit them to be removed by plaintiffs. The complaint was thereupon dismissed and this appeal followed.

Under the circumstances of this case, we agree with the District Court that it would be inequitable to compel the removal of these windows which were in existence at the time defendant purchased the property, at which time they had no knowledge of an obligation to remove them on demand. Accordingly, the action of the District Court is affirmed.

This holding, however, should not be construed to diminish in any way appellants' legal rights governing the use of party walls.

Affirmed.

2. This action was instituted in 1954.